BOLENBAUGH, Respondent v. BOLENBAUGH, Appellant

(237 N.W.2d 12)

(File No. 11624. Opinion filed December 19, 1975)

Ericsson, Spencer & Ericsson, Madison, for appellant.

J. B. Lammers, Lammers, Lammers & Kleibacker, Madison, for respondent.

WINANS, Justice.

In this appeal from the granting of a divorce by the circuit court Appellant Carl Bolenbaugh raises at least three separate issues. He asks whether or not the trial court abused its discretion in awarding the custody of the minor child of the parties to the mother, whether or not it abused its discretion in allowing the mother to remove the child to Scotland and whether or not it abused its discretion in arriving at a property settlement. We have examined all of the issues and can find no abuse of discretion. We therefore affirm the decision of the court below.

Kathleen E. Bolenbaugh and Carl Bolenbaugh were married at Madison, South Dakota, December 16, 1967, not long after the former had come from Scotland and only three or four months after they had become acquainted. Mr. Bolenbaugh, a medical laboratory technician, is employed at Madison where the couple made their home until the commencement of this action. To this marriage one child was born, daughter Karen Elizabeth, on June 22, 1969. In the course of six or seven years the Bolenbaughs experienced some marital difficulties and at one point Respondent

and child returned to the United Kingdom where Respondent initiated an action for divorce which was never completed. She returned with Karen to Madison after an absence of about five months and there seems to have been a brief reconciliation. On April 14, 1974, Respondent commenced an action for divorce and Appellant cross complained. A trial was held in circuit court at Madison on September 16, 1974. The court granted a divorce to both parties and granted child custody to the mother with visitation rights to the father. In the decree of divorce the court specifically awarded custody "without restriction as to her place of residence with said minor child, be that residence within or without the State of South Dakota or the United States of America" subject to monthly weekend visitation rights of the father and extended stays of the child with the father during the summer months.

Appellant, Carl Bolenbaugh, asserts that the Court abused its discretion in awarding custody to the mother because she is "clearly unfit to have custody." There is no evidence or testimony of any weight whatsoever in the record to support such an allegation. We have noted that the trial court has broad discretion in child custody awards, though not uncontrolled. *Masek v. Masek*, 1975, 89 S.D. 62, 228 N.W.2d 334. The trial judge had the benefit of the full testimony of all the witnesses and subsequently made his decision. We cannot say that with regard to the fitness of the mother the custody award was at all erroneous.

The appellant further argues that the court abused its discretion in arriving at a property settlement. The judge allowed 60% of the property owned jointly and severally by the parties to be awarded to the husband and 40% to be awarded to the wife. It is now axiomatic in this Court that the trial court has broad discretion also in making property settlements in divorce actions. *Pochop v. Pochop*, 1975, 89 S.D. 466, 233 N.W.2d 806. There is no rigid formula by which the court is bound to make the award. On many occasions we have pointed out that certain factors are to be taken into consideration and an equitable distribution is to be made in light of them. These factors include the duration of the marriage, the value of the property of each, the ages of the parties, their health and capacity to earn, the contribution of

each to the accumulated property and the faults and circum-stances leading up to the divorce. *Plageman v. Plageman*, 1961, 79 S.D. 221, 110 N.W.2d 337. We have reviewed the record in this case in this light and conclude that the trial judge's decision with regard to the property settlement was well within the guidelines.

We now turn to the issue in this case which causes us the greatest concern as it indeed must have also the trial court. Appellant complains that the court below abused its discretion in allowing Mrs. Bolenbaugh to take the young child Karen outside the State of South Dakota, outside the United States of America and to remove her far across the Atlantic Ocean to Scotland, United Kingdom, the land of Respondent's birth. True, the court did allow monthly visitation privileges and prolonged summer periods during which the child was to be allowed to visit the father at the father's expense. The practicality or impracticality of this arrangement, however, does not escape us. Neither are we unmindful of the difficulties involved in enforcing such an arrangement should Respondent in her native land fail to cooperate in implementing the visitation arrangement.

There appears to be no facile solution to the question before us. Were custody to be awarded to the father, assuming that he would remain in South Dakota, the mother would have the assurance that any failure on his part to honor any of the terms of the divorce decree would find her with the support of our state courts. However, this might be of little satisfaction to her given her strong desire to return to Glasgow where her parents still live, resume her education and find productive employment in a country in which she seems to be more comfortable. Her alternative option would be to remain in the United States, apart from both her parents and her former husband and to try to make a new life with her daughter without the aid of the support and assistance she would be receiving from her parents and generous British educational and medical programs were she to move back to Scotland.

We are also aware that it is generally against policy to permit the removal of a child from the jurisdiction unless its welfare would be better subserved thereby. Ordinarily custody

should not be awarded to a nonresident or to one contemplating immediate removal from the state. 27B C.J.S. Divorce § 313. A fortiori, this holds true for removal of the child from the United States. The trial court however, found that it was for "the best interests and welfare of said child" that custody be awarded the mother and that the mother "not be restricted in any way as to the place of her residence, whether within or without the State of South Dakota or the United States of America." This finding and the ultimate decision of the trial court on the awarding of custody is well within the provisions of SDCL 30-27-19. Wedged between Scylla and Charybdis the trial court exercised its discretion and elected to prefer the placement of the child Karen, then but five years old, with the mother in spite of the grief and inconvenience this would visit upon the father who manifestly has also a great love and affection for his only child. One gifted with the wisdom of Solomon would perhaps have found a more acceptable solution. Less gifted mortals, nevertheless, ought not to fault the court below. The Judge has allowed to the father generous visitation privileges and has also provided the sanction of withholding support payments should these privileges not be honored. In making the choice he did this Court cannot say that he was clearly erroneous and so his decision must stand.

Affirmed.

All the Justices concur.