**In the Matter of Paul EHLEN and Anna Ehlen, Minors, on Habeas Corpus.**

No. 13203.

Supreme Court of South Dakota.

Considered on Briefs Feb. 18, 1981.

Decided April 1, 1981.

Rehearing Denied May 8, 1981.

Thomas H. Muilenburg, Sioux Falls, for appellant father.

Sidney B. Strange of Strange & Strange, Sioux Falls, for appellee mother.

HENDERSON, Justice.

## ACTION

This is an appeal by Jeffrey P. Ehlen (father) from the trial court's order of July 28, 1980, which 1) gave Julie Silveria (mother) custody of the parties' two minor children, 2) permitted the mother to remove the children from South Dakota, and 3) modified the father's visitation privileges. We affirm.

## FACTS

The father and the mother are the natural parents of the two minor children herein involved. The parties have never been married, but did live together for approximately four years (1969–1973) during which time their two children were born. In early 1977, the mother married Robert Silveria. To this union, one child was born in January of 1979.

On March 18, 1976, the father commenced an action of habeas corpus praying that custody of the children be granted to him. Subsequently, hearings were held and orders entered relating to the custody and visitation of these two children, all originating from the habeas corpus proceeding which brought this case to its present posture. Ultimately, on November 5, 1979, the father and the mother stipulated to joint custody of their two children, with the mother having primary physical custody and the father having visitation privileges consisting of 89 hours per two-week period during the school year and 120 hours per two-week period during the summer. Prior to this stipulation, the trial court had legal custody of the children pursuant to its order of January 28, 1977.

The mother initiated the present action arising from her desire to have the children accompany her to Washington State, where she and her husband now live. Subsequent to a hearing attended by both parties, the trial court found that the best interests of the children would be served by permitting them to live with their mother in Washington. The trial court also found that the children's best interests required modification of the previous custodial and visitation arrangements. Accordingly, the father's visitation privileges were modified to 36 hours per two-week period, and included an annual visitation period from June 15 to July 15. This schedule was conditional, however, on the fact that the father reside in the same community as the mother and the children. If he did not so reside, then the father's visitation privileges would extend from June 15 to August 15, annually.

## ISSUES

Did the trial court err in permitting a removal of the children to Washington State? Did the trial court err in modifying custody of the parties' minor children and visitation privileges of the father? We hold that it did not.

## DECISION

■ Upon review, findings of fact shall not be set aside unless clearly erroneous,

and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. SDCL 15–6–52(a). Furthermore, the trial court has broad discretion in awarding custody of minor children and its determination will not be set aside absent an abuse of discretion. *Engels v. Engels*, 297 N.W.2d 489 (S.D.1980); *Haskell v. Haskell*, 279 N.W.2d 903 (S.D.1979); *Spaulding v. Spaulding*, 278 N.W.2d 639 (S.D.1979). In awarding the custody of minor children, the trial court must look at all the facts and circumstances to determine what is in their best interest, relative to their temporal, mental, and moral welfare. SDCL 30–27–19; *Isaak v. Isaak*, 278 N.W.2d 445 (S.D.1979).

■ In a situation where a custodial parent wishes to change his or her residence, SDCL 25–5–13 mandates that the trial court consider the best interests of the children prior to permitting the move.* *See also D'Onofrio v. D'Onofrio*, 144 N.J.Super. 200, 365 A.2d 27 (1976); *Kovesdy v. Hines*, 75 Misc.2d 644, 348 N.Y.S.2d 281 (1973); *Fritschler v. Fritschler*, 60 Wis.2d 283, 208 N.W.2d 336 (1973).

The trial court stated in its findings of fact:

> [The mother] and her husband will live with family friends in the Seattle, Washington area, will be employed in that area, and will see that the children are enrolled in school, are involved in sports programs, and are involved in cultural programs consistent with their training and interests.

The majority of cases dealing with removal of a child from the jurisdiction support the rule that if a parent who has custody of a child has good reason for living in another state, removal will be permitted, providing such a move is consistent with the best interests of the child. Upon a review of the circumstances of these parties and their children, we believe that the trial court, in considering the best interests of the children, did not abuse its discretion by allowing the custodial mother to move to the state of Washington.

■ Further, the mother sought, and was granted, a modification of custodial rights. The rule in such cases was restated by this Court in *Engels v. Engels*, supra, at 491:

> [T]he parent seeking modification of custodial rights has the burden of proving by a preponderance of the evidence that (1) there has been a substantial and material change of circumstances since the decree of divorce was entered, and (2) the welfare and best interests of the children require the modification being sought.

As we have already stated, the trial court considered the best interests of the children when it allowed the custodial mother to change her residence.

■ Although this case does not involve divorce proceedings, we nevertheless conclude that a substantial and material change in circumstances was shown which warranted a change of custody. With the mother and her husband residing in Washington, and the father in South Dakota, the stipulated joint custody arrangement of November 5, 1979, would prove impractical if not impossible. Consequently, we hold that the mother's move to Washington was a substantial and material change of circumstances which properly allowed the trial court to modify the custody arrangement of the children.

We have reviewed the father's contentions with regard to the reduction of his visitation privileges and, in light of the stabilization of the mother's life due to her marriage and sole custody of the parties' children, we believe the trial court did not abuse its discretion and correctly considered the children's best interests when it modified the father's visitation rights.

Affirmed.

All the Justices concur.

---

* SDCL 25–5–13 reads:

> A parent entitled to the custody of a child has the right to change his residence, subject to the power of the circuit court to restrain a removal which would prejudice the rights or welfare of the child.