Jeffrey POWELL, Plaintiff
and Appellant,

v.

Stephanie POWELL, Defendant
and Appellee.

No. 13957.

Supreme Court of South Dakota.

Considered on Briefs April 19, 1983.

Decided July 6, 1983.

N. Dean Nasser, Jr., Sioux Falls, for plaintiff and appellant.

Stephanie Powell, pro se.

MORGAN, Justice.

This appeal arises from a circuit court's order reaffirming the custody provisions in the judgment and decree of divorce of these parties. While the provisions provided for joint custody of Marc Powell, the order reaffirmed the physical custody in Stephanie Powell (mother) with minor modifications. Jeffrey Powell (father) appeals. We affirm.

On January 11, 1982, the mother and father of Marc were each granted a decree of divorce on grounds of extreme mental cruelty. At that time, mother was employed as a cashier at Get N' Go in Sioux Falls, South Dakota, earning approximately $6,000 per year. At the time of this hearing, regarding the custody of Marc, mother was employed as a bartender in Essex, Iowa, earning approximately $11,000 per year. During the divorce and at all times pertinent, father has been employed as a computer operator, earning approximately $20,000 per year. The judgment and decree of divorce granted the parties joint custody of Marc with mother having actual physical custody and father having reasonable visitation rights. The court also ordered father to pay $175 per month child support, to maintain health insurance on Marc and pay for Marc's medical bills. In January of 1982, father took Marc to see Dr. Liggett, a pediatrician, about problems with Marc's

ears. Dr. Liggett prescribed medication for the child. In February of 1982, mother moved to Shenandoah, Iowa, to live with her stepfather because she was having financial problems in Sioux Falls. Her financial problems stemmed from the fact that father had not paid her the amount ordered by the property division portion of the judgment and decree of divorce. At the custody hearing, mother testified that she told her creditors she would pay them as soon as she received the money from father and that she paid as many of the bills as she could. After living with her stepfather for a few months, she "got back on [her] feet" and moved into a place of her own with Marc. At the time of the custody hearing, she still had not received the money from father. After she moved to Essex, the medication which father obtained for Marc apparently was not helping Marc's problem with his ears. Mother, then, took Marc to Dr. Syre, an ears, nose and throat specialist in Iowa, who prescribed different medication for Marc. In April or May of 1982, father contacted mother and began visiting Marc again. Father initiated this action in July of 1982. The circuit court affirmed the custody provisions in the divorce decree and also expanded those provisions by specifically addressing visitation rights. Father appeals from this order.

Father raises two issues on appeal. First, whether the trial court erred by holding there was not sufficient changed circumstances to grant father full custody or physical custody of Marc. Second, whether the trial court erred in refusing to require mother to move back to South Dakota or, alternatively, in refusing to decrease child support in proportion to father's visitation expenses.

Father first argues that the trial court erred in affirming the mother's physical custody of Marc. A court can modify child custody provisions after a divorce has been entered. SDCL 25–4–45. The moving party, here the father, has the burden of showing by a preponderance of the evidence that there had been a substantial and material change of circumstances and the wel-

fare and best interests of Marc required modification of custody. *See Sneesby v. Davis,* 308 N.W.2d 565 (S.D.1981). In affirming mother's custody, the trial court held father did not meet this burden. On appeal, this court cannot substitute its judgment for the trial court's decision unless there has been a clear abuse of discretion. *Palmer v. Palmer,* 316 N.W.2d 631 (S.D. 1982); *Prentice v. Prentice,* 322 N.W.2d 880 (S.D.1982).

In *Matter of Ehlen,* 303 N.W.2d 808 (S.D. 1981), this court addressed whether a custodial parent's move from South Dakota to Washington was a material change of circumstances. In *Ehlen,* the parents had stipulated to a joint custody arrangement which the mother's move to Washington rendered impractical. This court in *Ehlen* did not hold that every out-of-state move was a "substantial and material change." Rather, this court held the fact that the mother would move such a great distance away so as to render impractical the joint custody arrangement, constituted a "substantial and material change." In *Ehlen, supra,* this court affirmed the trial court's decision affirming the mother's custody of the children and modifying the father's visitation, according him a longer period of visitation in the summer months.

In *Ehlen, supra,* the mother moved the children approximately 1500 miles away. Here, the mother moved Marc approximately two and one-half hours away by car, according to the testimony of the father and mother at the hearing. Unquestionably, such a move is not so great a distance as to constitute a substantial and material change as the move was in *Ehlen.*

Father's contention that the welfare and best interests of Marc require modification also fails. Father impliedly argued this issue by discussing facts of previous cases decided by this court. This court has held that where a mother has irresponsible conduct harmful to the child the custody may be awarded to the father. *Madson v. Madson,* 313 N.W.2d 42 (S.D.1981). In *Prentice, supra,* this court affirmed custody to a father where a mother worked forty hours a week and had little time left for the children. In *Aulner v. Aulner,* 296 N.W.2d 533 (S.D.1980), this court also affirmed custody to a father where a mother had left the children unsupervised, had an unsteady work record and vague plans for the future. In *Haak v. Haak,* 323 N.W.2d 128 (S.D. 1982), this court reversed an award of custody to a mother where the children were able to recognize the impropriety of her conduct.

In comparison, however, here there is no evidence to indicate the mother acted improperly, that she has an unsteady work record, that she left Marc unsupervised, or that she has acted irresponsibly toward Marc. The only allegations are that (1) Mother works too many hours to spend enough time with Marc; (2) mother moved to Iowa; and (3) mother failed to give Marc proper medical attention.

Evidence, however, shows that father also works long hours and that he rotates between day, night and swing shifts. Further, mother moved to Iowa because she could not afford to live on her salary in Sioux Falls. Part, if not all, of her financial problems stemmed from father's failure to pay her money as per the divorce decree. Finally, testimony and exhibits at the hearing prove mother actually did obtain medical attention for Marc in Iowa.

Accordingly, upon the record, the trial court did not abuse its discretion in holding that father did not meet the burden of proof required to modify custody of Marc. We affirm the trial court's holding affirming physical custody of Marc to mother.

The second issue is whether the trial court erred in ratifying mother's removal of Marc from South Dakota or alternatively in not requiring mother to bear the expense of returning Marc to South Dakota for visitation.

The general rule is "where a custodial parent wishes to change his or her residence, SDCL 25–5–13 mandates that the trial court consider the best interests of the children prior to permitting the move." *Matter of Ehlen,* 303 N.W.2d at 810. SDCL

25–5–13 provides: "A parent entitled to the custody of a child has the right to change his residence, subject to the power of the circuit court to restrain a removal which would prejudice the rights or welfare of the child."

 In *Ehlen, supra,* the mother had petitioned the court to permit the children to accompany her to the state of Washington. Here, the mother did not petition the court for permission to move Marc prior to the move. From her testimony, she apparently was not aware of this requirement. During her testimony at the hearing, the trial court clarified this point and its order emphasized the necessity to petition this court when contemplating any further move of the child.

Below, the trial court reviewed the best interests of Marc and determined the mother's move to Iowa had not prejudiced the rights or welfare of Marc. The order entered below enunciated minimum visitation rights of the father with respect to summer vacations, holidays and monthly three-day visits as opposed to the previous provision for only liberal visitation rights. The trial court also did not consider this a substantial change to warrant requiring the mother to return Marc to South Dakota, or to bear the expense of returning him for visits. This decision can be reversed only if this court on review finds a clear abuse of the trial court's discretion. From our review of the record, we do not find an abuse of the trial court's discretion.

We affirm.

All the Justices concur.