**Kay Arlene DUCHENEAUX,
Plaintiff and Appellant**

v.

**Douglas Duane DUCHENEAUX,
Defendant and Appellee.**

**No. 15825.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 15, 1988.

Decided Aug. 3, 1988.

William F. Day, Jr. of Day & Grossenburg, Winner, for plaintiff and appellant.

John J. Simpson, Winner, for defendant and appellee.

MILLER, Justice.

### ACTION

Kay Arlene Ducheneaux (mother) appeals the trial court's order denying her application to remove her minor children from South Dakota to California. We affirm.

## FACTS

Mother and Douglas Ducheneaux (father) were married in 1983 and divorced in February 1987. Two children were born during the couple's marriage and at the time of the trial court proceedings on mother's application, mother was expecting the couple's third child. In its decree of divorce, the trial court awarded custody of the minor children to mother subject to father's visitation rights. The divorce decree also ordered mother to apply to the circuit court for permission if she should desire to remove the children from South Dakota. On March 4, 1987, (14 days after filing of the divorce decree) mother filed an application with the trial court for permission to remove the children to California. The trial court denied mother's application.

## ISSUE

Whether the circuit court abused its discretion in refusing to permit mother to remove the parties' children from South Dakota to California?

## DECISION

■ It is generally against policy to permit the removal of a child from the jurisdiction unless its welfare would be better subserved thereby. Ordinarily custody should not be awarded to one contemplating immediate removal from the state. *Lindley v. Lindley*, 401 N.W.2d 732, 735 (S.D.1987); *Bolenbaugh v. Bolenbaugh*, 237 N.W.2d 12, 14, 89 S.D. 639 (1975). However, "[a] parent entitled to the custody of a child has the right to change his residence, subject to the power of the circuit court to restrain a removal which would prejudice the rights or welfare of the child." SDCL 25–5–13.

■ The principles by which courts are guided in determining whether to allow a custodial parent to remove children from the state are set forth in *Matter of Ehlen*, 303 N.W.2d 808, 810 (S.D.1981). Under *Ehlen*, removal is permitted if the move is consistent with the best interests of the child. *Id.* This court reviews a trial court order permitting or denying removal to determine whether the trial court abused its discretion in making its determination. *Id.*

■ In this case, the trial court entered findings that mother is employed part time and takes home wages of approximately $300 per month, that she receives child support of $115 per month and also receives food stamps and fuel assistance. Further, the children are of Indian descent and are entitled to free medical, dental and optometric care through the Public Health Service (which would be lost by removal to California). The trial court found that father has maintained a regular schedule of visitations with the children and that the children are receiving parental influence and guidance from both parents on a near daily basis. Father and the children have formed an attachment for each other. The court also found that mother desired to move to California for better job opportunities but that she had no definite arrangements for employment in California. Mother planned that she and her children would live with her parents in California and would apply for ADC benefits on arrival in that state. Finally, the court found that removal of the children would lessen the frequency of visitation by father, also lessening his influence upon their rearing and upbringing and the paternal input to which the children are accustomed.

Based upon its findings, the trial court concluded that removal of the children to California would prejudice their rights and welfare by limiting and minimizing the paternal influence over the children that is exercised by father. We find ample support in the record for the trial court's findings. No abuse of discretion occurred in its decision denying mother's application.

Accordingly, the order of the trial court is affirmed.

WUEST, C.J., and MORGAN, J., concur.

HENDERSON, J., concurs with writing.

SABERS, J., dissents.

HENDERSON, Justice (concurring).

As a reviewing body, in determining if this trial judge abused his discretion, there are additional considerations which buttress an affirmance in this case.

Under questioning, the mother testified:

Q. Now, you don't have a job available now in California?

A. No.

    *    *    *    *    *    *

Q. Why do you think it would be in the best interests of the children to grow up in California rather than Tripp County?

A. I am not saying it's better for them to grow up there. The advantage is that I would be able to give them more security.

Q. Would you be able to replace what the father could give to them?

A. No.

Also, the mother testified that she had not applied for a job in Winner, South Dakota, different from the one that she presently had "because the job I have now fits my lifestyle for my children." She is an employee of the State of South Dakota. Explaining, she testified that "I can be home most of the day with the children and then still make money to support myself."

Mother testified that there was a strong bond between the father and children. Finding No. 12 of the trial court reflects a consistency demonstrated by the father in visitation accompanied with love and affection, on an almost daily basis.

These children are not geographically confined against their will. At their tender age, how could they possibly be in a frame of mind whereby they are required to remain against their will? Nancy was born on May 25, 1984; Tracy was born November 17, 1985; and Bryan was born April 20, 1987. It is not the will of the children involved which spawns a desired move to California; it is obvious that it is the will of the mother. At the time that the trial judge entered his decision, the mother was about to birth Bryan and she had no permanent abode in California nor employment lined up in California. Considering her personal circumstances and the tender age of these children, plus the very quick application (after the decree) for a permission to move to California, it is easy to understand why the judge ruled the way he did. I call to the attention of the Bar the case of *Ulver v. Ulver*, 76 S.D. 371, 78 N.W.2d 830 (1956), which holds, *inter alia*, that the personal desires of the parents must yield to that which the court regards as the best interests of the child.

SABERS, Justice (dissenting).

I dissent.

I cannot vote to affirm this trial court decision which, in effect, requires a mother and her three children to remain in south central, South Dakota, against their will. Winner, South Dakota, is a thriving community and a great place to live if that is the person's choice and the person has full-time employment. In this case the mother has associate medical and veterinary secretarial degrees, part-time work with the Department of Social Services, and no immediate opportunity for full-time work in her present position. She wants to improve her life and that of her children in California. Her parents have agreed to assist her and the children in the interim. She and the federal government are presently the major support for herself and her children and she wants to improve on that. We should encourage her in these efforts.

I have some sympathy for the father of the children who regularly visits the children, despite past problems with alcohol. However, my sympathy is short-lived when I consider that his child support payments of $115.00 per month amount to a mere $1.27 per day per child. If he is truly interested in the best interests of the children, he should *at least* triple his child support.

The decision of the trial court constitutes an abuse of discretion under these circumstances and the case of *Matter of Ehlen,* 303 N.W.2d 808, 810 (S.D.1981). Removal is permitted under *Ehlen* if the move is consistent with the best interests of the children. It is here. Accordingly, I would reverse the decision of the trial court and permit removal.