Francis James ANDERA, Plaintiff and Respondent,

v.

Sandra M. ANDERA, Defendant and Appellant.

No. 12504.

Supreme Court of South Dakota.

Argued Feb. 15, 1979.

Decided April 19, 1979.

John F. Cogley, of Morgan, Fuller, Theeler & Cogley, Mitchell, for plaintiff and respondent.

Charles Rick Johnson, of Johnson, Johnson & Eklund, Gregory, for defendant and appellant.

DOBBERPUHL, Circuit Judge.

This is an appeal from the custody and property division provisions of a decree of divorce. We affirm in part and reverse and remand in part.

Francis and Sandra Andera were married in 1960 when Sandra was seventeen years old. Sandra quit high school in her senior year to enter into the union, at which time neither Francis nor Sandra had any property or money of any consequence.

Francis was awarded a divorce on April 6, 1978, on grounds of mental cruelty. When the decree was entered, the parties were engaged in a farming operation with 1440 acres in production, of which 800 acres were leased and the remaining 640 acres were being purchased on a contract for deed from Francis' mother. This latter transaction was consummated about six months before the divorce action was started. The contract for deed named Francis and Sandra as co-purchasers with the price set at $150 per acre. A $25,000 down payment was made through a loan procured from the F.H.A., leaving a $71,000 balance. The interest rate on the balance was placed at five per cent per annum with payments of about $5,000 to be made annually.

The 640 acres in question is the original homestead of Francis' ancestors. By the contract for deed, Francis' mother has the right to live on the property as long as she may live. Francis' testimony at the trial established that $150 per acre is not the full price of the land and that the land at current market value at the time of the sale was worth at least $200 per acre. The testimony established that the transaction was made by Francis' mother for less than full value to help her son in his farming operation.

The family home of Francis and Sandra is located on the leased land and has been remodeled partly through Sandra's earnings which were not derived from the farming operation. Other property owned by the parties consisted of machinery, livestock and grain which the trial court valued at $73,118.12. This amount excluded the value of the 640 acres of land, the family home and miscellaneous household items.

Francis and Sandra have four children: Mike, 16; Kay, 15; David, 13; and Shelly, 6. The trial court awarded custody of all four children to Francis with liberal visitation rights to Sandra. With regard to Shelly, such visitation included Sandra's right to have the child in her home on all weekdays when school is in session for as long as Sandra remained a resident of Chamberlain, South Dakota. Sandra has now remarried and lives outside the Chamberlain school district.

Appellant contends that the trial court erred in awarding custody of the six year old child to the father and in restricting the mother's visitation rights depending on the school district in which she lives.[1]

It is well-settled that the trial court has broad discretion to determine which parent in a divorce action shall be given custody of the children and that decision will be reversed only for a clear abuse of discretion. *Septka v. Septka*, 80 S.D. 299, 122 N.W.2d 766 (1963); *Bolenbaugh v. Bolenbaugh*, S.D., 237 N.W.2d 12 (1975); *Ver Meer v. Ver Meer*, S.D., 241 N.W.2d 571 (1976). The trial court questioned all four children *in camera* and found that the three oldest children desired to stay on the farm with their father. The youngest child, Shelly, indicated a desire to stay on the farm, but had no strong preference between her mother and father. Appellant relies on the tender age statute for her contention

1. This appeal involves only the question of Shelly's custody. The mother does not contest the custody award of the other three children to the father.

that she should have been awarded custody of Shelly. That statute states in part:

As between parents adversely claiming the custody or guardianship, neither parent is entitled to it as of right, but, other things being equal, if the child be of tender years, it should be given to the mother; . . .. SDCL 30–27–19(2).

■ Appellant is not automatically entitled to custody of Shelly under this statute by merely showing that the child is of a tender age. Custodial preference under the statute must yield to the trial court's discretionary power to safeguard the best interests of the child since the welfare of the child is the paramount consideration controlling its disposition. *Septka,* supra, 122 N.W.2d at 767; *see also Holforty v. Holforty,* S.D., 272 N.W.2d 810 at 811 (1978). It appears from the testimony at the trial that both parents in the instant case are fit parents and no testimony was given of abuse or neglect by the mother. However, the trial court found that all things were not equal since the four children have a very close relationship and preservation of the family unit would serve the best interests of all the children. It is the trial court's duty to consider the best interests of the child relative to its temporal, mental and moral welfare, in light of all the facts and circumstances of the case, and the parents' feelings and desires are subservient to that consideration except as such factors may relate to the best interests of the child. *Wiesner v. Wiesner,* 80 S.D. 114, 119 N.W.2d 920 at 922 (1963); *Miller v. Miller,* S.D., 245 N.W.2d 501 (1976). The reasons given by the trial court for granting custody of Shelly to the father are amply supported by the evidence, and we affirm the custody award.

■ With regard to the restriction of the mother's visitation rights depending on the school district in which she lives, it is apparent that the trial court was attempting to maintain the family unit and keep the child in close proximity to the farm and the rest of the children. This is in complete conformity with the trial court's decision to place Shelly in the custody of her father and, again, it is based on the best interests of the child. We find no error in the restriction. If the restriction causes any hardship, the trial court could give relief upon request of the mother if the circumstances warrant a clarification of the decree.[2]

■ Appellant also contends that the court erred in providing only $15 a week child support for those times that Shelly stays with her. Considering the fact that the father has the responsibility of raising the other three children and incurs the expenses attached to that obligation, we hold that the $15 a week allowance is adequate and proper.

Appellant also claims that the trial court abused its discretion by making an inadequate financial award to her. With this contention we agree.

■ The trial court awarded appellant a 1974 Ford automobile valued at $3,000, some miscellaneous property of little consequence, and the sum of $13,000, with $6,000 of that amount to be paid within thirty days after entry of the divorce decree and the balance payable in installments over the succeeding four years. Respondent was awarded the house with its appliances, furniture and equipment and the leased land on which the house sits, none of which had a value placed on it. All the machinery, livestock and grain valued at $73,118.12 and the 640 acres of land being purchased on the contract for deed were given to respondent as well. We find no error in the trial court's determination that the 640 acres should be excluded in determining the property division. The land was in the nature of a gift from the mother to the son, and there was no contribution of any significance by appellant in acquiring the land.

■ In *Hansen v. Hansen,* S.D., 273 N.W.2d 749 (1979), this court outlined the

2. *See Hershey v. Hershey,* 85 S.D. 85, 177 N.W.2d 267 (1970), where this court held that visitation rights, unlike custody rights, can be modified without showing a material change of circumstances of the parties when custodial rights are not prejudiced by the modification.

factors to be considered by the trial court in making an equitable division of property: (a) duration of the marriage; (b) value of the property; (c) ages of the parties; (d) the state of health of the parties and their competency to earn a living; (e) contribution of each to the accumulation of the property; and (f) the income-producing capacity of the parties' assets.

The parties in the instant case married young, and the union lasted eighteen years. Both parties are still young and in good health. However, Francis has the earning capacity of the farm, which is the only income-producing asset owned by the parties, while Sandra has no training and must work at low-paying jobs. Francis and Sandra worked together in building and acquiring the assets in question. She made notable contributions by caring for the children, helping to maintain the house and doing other work necessary to raise the family and maintain a farm. A comparison of the property awarded to Francis with that awarded to Sandra leads to the conclusion, and we so hold, that the division of property is inequitable and an abuse of the trial court's discretion.

That portion of the judgment relating to custody is affirmed, but that portion regarding division of property is reversed and the case is remanded to the circuit court for further consideration in determining a more equitable division of the property.

All the Justices concur.

DOBBERPUHL, Circuit Judge, sitting for MORGAN, J., disqualified.