**Helen P. CLEMENT, Plaintiff and Appellee,**

v.

**John A. CLEMENT, Defendant and Appellant.**

**Nos. 12669, 12759.**

Supreme Court of South Dakota.

Submitted on Briefs March 14, 1980.

Decided June 4, 1980.

---

**5.** Quote from *United States v. Woodall* corrected to conform to the original opinion.

Raymond A. Gallagher of Gallagher & Battey, Redfield, for plaintiff and appellee.

Herbert A. Heidepriem of Heidepriem, Widmayer & Campbell, Miller, for defendant and appellant.

HECK, Circuit Judge.

In this action the trial court awarded divorce to the plaintiff and ordered a division of the property. After the appeal was perfected and upon motion of the plaintiff, the court awarded her attorney fees to defend the appeal. The defendant objects to the property division and the awarding of attorney fees for the appeal. We affirm.

John and Helen Clement, ages 55 and 52 respectively at the time of the trial, had been married for thirty-two years prior to the commencement of this action. There were five children born of this union, one of whom has not yet reached the age of majority. The parties were married in South Dakota, then moved to Ohio. Upon their return in 1958, they rented and operated a farm. They had accumulated very few assets. In about 1965 they purchased two quarter sections of land. In 1971 they purchased three additional quarters of land from the estate of the defendant's father. In that same year the defendant received an inheritance from his father's estate in the amount of $19,300.00, $5,000.00 of which was applied to the purchase of the land. The defendant quit farming in 1974 since it

was not profitable. He also claims he quit because of failing health. The defendant sold two of the quarters of land in 1974. He used the proceeds to retire the debt on the other land. The family continued to live on the farm until 1976 at which time they moved into a home purchased in Redfield, South Dakota. In 1977 they sold another quarter of land. Later they purchased two duplexes in Redfield as rental units.

During the marriage the plaintiff worked as a housewife and was the family bookkeeper. She worked outside the home during twenty-three years of the marriage, some full-time and some part-time. The last eleven years she has worked in Redfield full-time with the exception of a year and a half when she worked part-time. The money she earned was used for family expenses.

The trial court determined the value of the property belonging to the parties and deducted therefrom the amount of their indebtedness. The court essentially awarded each party one-half of the net value of the property.

There are two basic questions presented by defendant in the assignments of error:

1. Should the value of the property inherited by the defendant from his father be considered in the division of the property?

2. Did the court make an equitable distribution of the properties considering the age, health and earning abilities of the parties, and the source of the property?

We answer both questions in the affirmative.

■ SDCL 25–4–44 provides that: "Where a divorce is granted . . . the courts shall in such action have full power to make an equitable division of the property belonging to either or both, *whether the title to such property is in the name of the husband or the wife.* . . ." (Emphasis supplied).

■ Although the trial judge should consider the fact that the defendant inherited certain property, he is not bound to set it aside for the defendant and may consider it as part of the property to be divided. The statute is specific that title does not control the distribution of the property in a divorce action.

■ While having due regard for equity and the circumstances of the parties, the principal factors to be considered in a division of property or awarding alimony in a divorce action are these: (1) the duration of the marriage, (2) the value of the property, (3) the ages of the parties, (4) the parties' state of health, (5) their competency to earn a living, (6) the contribution of each party to the accumulation of the property, and (7) the income-producing capacity of the parties' assets. SDCL 25–4–44; *Hansen v. Hansen*, 273 N.W.2d 749 (S.D.1979).

■ In the division of property rights, there is no rigid formula that must be followed, *Bolenbaugh v. Bolenbaugh*, 89 S.D. 639, 237 N.W.2d 12 (1975), nor any fixed percentage to which either party is entitled. *Rock v. Rock*, 89 S.D. 583, 236 N.W.2d 191 (1975).

■ There is no question that each party contributed substantially to the accumulation of the assets. A division of one-half to each seems appropriate.

We have consistently held that the trial court has broad discretion in making division of property or awarding alimony in a divorce action, and we will not set it aside unless it clearly appears that the trial court abused its discretion. *Hansen v. Hansen*, supra; *Wall v. Wall*, 260 N.W.2d 644 (S.D. 1977); *Hanson v. Hanson*, 252 N.W.2d 907 (S.D.1977); *Stenberg v. Stenberg*, 240 N.W.2d 100 (S.D.1976).

In examining the circumstances of this case, we can see no abuse of discretion in the property division.

In the second appeal, the defendant objects to the award of attorney fees to the plaintiff for the appeal.

SDCL 25–4–38 provides that: "While an action for divorce is pending, the court may in its discretion require one spouse to pay as alimony any money necessary . . . to prosecute or defend the action."

In *Kuehn v. Kuehn,* 74 S.D. 521, 527–528, 55 N.W.2d 70, 73 (1952), we said:

The wife in this case is entitled to a reasonable allowance for attorney's fees and expenses in resisting the appeal by her husband. The decision of the trial court has been affirmed in all respects and she is entitled to such allowance in order to preserve the integrity of the property settlement.

It is within the discretion of the trial court to direct one party to pay attorney fees of the other party on appeal. We hold that the trial court did not abuse its discretion in awarding the wife $2,000.00 since the husband was in control of the major portion of the assets of the parties.

We have considered the other assignments of error and find them to be without merit.

The judgments of the trial court are affirmed.

All the Justices concur.

HECK, Circuit Judge, sitting for FOSHEIM, J., disqualified.