Dianna Lynn BUSEMAN, Plaintiff and Appellee,

v.

Ervin Dale BUSEMAN, Defendant and Appellant.

No. 13042.

Supreme Court of South Dakota.

Considered on Briefs Oct. 17, 1980.

Decided Dec. 17, 1980.

Mary Sue Donohue of Donohue & Donohue, Sioux Falls, for plaintiff and appellee.

Sidney B. Strange of Strange & Strange, Sioux Falls, for defendant and appellant.

DUNN, Justice.

Dianna Buseman (plaintiff) and Ervin Buseman (defendant) were granted a divorce on December 21, 1979. From this judgment and decree defendant appeals. We affirm.

Defendant and plaintiff were married on August 11, 1973. One child was born to this union on April 16, 1974. Both parties have children from previous marriages. Plaintiff has two children, while defendant has one child from a prior marriage.

At the time of their marriage, plaintiff owned a small amount of furniture and a 1954 Oldsmobile automobile. Defendant owned a small amount of furniture, a savings account, an automobile, and a small number of livestock. Plaintiff was not employed during the first two years of marriage. She later secured employment at a Hinky Dinky Store in Sioux Falls on a part-time basis.

In May of 1976 defendant inherited $60,000 from his mother's estate. He used $58,000 from his inheritance as a down payment on a quarter section of land in Turner County, South Dakota, with the remainder of this inheritance being used to improve the farm. The parties gave a mortgage of $60,000 to finance the remainder of the purchase price of this land. In July of 1976 they moved onto this farmstead.

During their time together on the farm, plaintiff continued to work at Hinky Dinky, earning approximately $10,000 per year. Defendant was employed at Sears and Roebuck, earning approximately $15,000 per year. Both parties contributed their earnings and substantial efforts toward the operation of the farm and the raising of their family. A small number of livestock was raised by the parties, with the rest of the farmland being leased out to defendant's brother.

In March of 1978 they separated with plaintiff moving to Sioux Falls. They made an attempt to reconcile in March of 1979.

Defendant purchased a $61,000 home and moved to Sioux Falls in hopes of succeeding in their reconciliation. The Sioux Falls home purchase was financed with a $12,000 down payment raised by selling all their livestock and a mortgage for the balance. The parties again separated in August of 1979, with a divorce being granted on December 21, 1979. Pursuant to this divorce, plaintiff was awarded sole custody of their minor child Christopher. Plaintiff was further awarded $125 per month child support, an equitable share of their personal property, and a property settlement of $21,200 in the form of a lien on the farmstead. The trial court awarded no alimony.

Defendant raises the following issues, which we shall deal with in the order presented herein:

I.  Is a father with proven parental abilities entitled to the custody of his minor son when the evidence concerning the appropriate placement of the child indicates neither parent is substantially better equipped to handle [the] responsibilit[y] [of custody] than the other?

II. Is the wife, in a marriage of short duration, entitled upon divorce to an award amounting to substantially one-half of her husband's separate property?

We begin by restating the basic rule that:

Upon review this court must give due regard to the opportunity of the trial court to judge the credibility of the witnesses and its findings will not be set aside unless they are clearly erroneous. . . . The trial court has broad discretion in awarding custody of minor children and we will not interfere with that discretion unless the record presents a clear case of abuse.

*Spaulding v. Spaulding*, 278 N.W.2d 639, 640 (S.D.1979) (citations omitted).

■ Here the trial court made a specific finding of fact that "[p]laintiff is a fit and proper parent for Christopher, providing him with love, discipline, a good home, proper food and clothing."

Defendant presented evidence that plaintiff had placed Christopher in a cold shower in an attempt to control his hyperactivity. Furthermore, plaintiff had associations with other men prior to their divorce.* These facts are urged upon us to indicate that the trial court erred in granting custody of Christopher to plaintiff.

Placing the child in a cold shower on two occasions is not sufficient to indicate that the trial court clearly abused its discretion in finding plaintiff was a fit parent to have custody of Christopher. As for her associations with other men, the record indicates that these were more of a platonic nature. Assuming, however, that they were intimate relations, it would not necessarily follow that such relationships alone would suffice to render plaintiff unfit as a parent. The rule in such a case is:

> Where a mother has been guilty of marital misconduct and there is no evidence of demonstrable effect of such conduct upon the child, it does not follow that she is an unfit person to have custody and that an award of custody to her is not in the best interest and welfare of the child.

*Spaulding,* supra, at 641. No showing of a demonstrable effect of her conduct on Christopher has been made. Even if these relationships were more than platonic, they were not of such a nature to render her an unfit parent.

Defendant has not shown a clear abuse of discretion on the part of the trial court in awarding custody to plaintiff. We therefore refuse to set aside its findings that plaintiff is a fit parent, and we find no error in granting custody of Christopher to plaintiff.

■ Defendant's next issue concerns the distribution of the marital assets. The touchstone in this area is *Hansen v. Hansen,* 273 N.W.2d 749 (S.D.1979). Therein, we set out the standard of review concerning the division of marital property as follows:

In reviewing the division of property and award of alimony, we recognize the fact that the trial court has broad discretion in making such division and granting such award and we will not modify or set them aside unless it clearly appears that the trial court abused its discretion.

*Hansen,* supra, at 751.

Although a trial court has broad discretion, we have enumerated certain factors which should be considered in the division of marital assets. These factors are: "[T]he duration of the marriage, value of the property, the ages of the parties, the parties' state of health and competency to earn a living, the contribution of each party to the accumulation of the property, and the income-producing capacity of the parties' assets." *Hansen,* supra, at 751.

Without enumerating each, we find that the record is replete with evidence that all these factors were properly presented to and considered by the trial court. Defendant argues that the $60,000 which was used to purchase and improve the farm should be excluded from the marital assets because it represents the amount of his inheritance from his mother's estate. He would have this court ignore the contribution of plaintiff in the operation of the farmstead. She participated in calving operations, did a substantial amount of canning and gardening, shouldered the burdens of maintaining the homestead and family, and contributed her entire earnings of approximately $20,000 to the maintenance of the family and farm.

The trial court awarded her $21,200 as a property settlement. Even though defendant's inheritance was an extremely significant source of funds in acquiring the farmstead, we do not feel that the trial court *clearly* abused its discretion in making this award. We must follow the rule that "[w]hile the [trial] court may consider when and how the property was accumulated, it is not obligated to do so." *Swenson v. Swen-*

---

* The trial court made a finding "[t]hat during two periods of time in which the Plaintiff has been separated from the Defendant and up to the trial of this action, the Plaintiff has maintained an association with other men and has had them around the house and on one occasion in the home overnight which has not had any adverse effect on Christopher."

*son,* 85 S.D. 320, 324, 181 N.W.2d 864, 866 (1970). Further, defendant was permitted to retain all of the income-producing property.

This represents another case where we are being asked to finetune the handiwork of those to whom the division of marital property has been entrusted. We refuse to do this without a stronger showing than is presented here. See *Michael v. Michael,* 287 N.W.2d 98 (S.D.1980).

Accordingly, we affirm the trial court's judgment and decree.

WOLLMAN, C. J., and MORGAN and FOSHEIM, JJ., concur.

HENDERSON, J., concurs in part and dissents in part.

HENDERSON, Justice (concurring in part and dissenting in part).

I do not agree with the majority's decision to uphold the trial court's distribution of the marital property.

The parties were married in August of 1973. In May of 1976, defendant inherited $60,000 from his mother's estate. This money was used to purchase a farm upon which the parties resided commencing in July of 1976. Plaintiff left the farm in March of 1978 when the parties initially separated and has since lived and worked in Sioux Falls. During the twenty months she did live on the farm, plaintiff also worked in Sioux Falls. The trial court awarded plaintiff $21,200 property settlement based upon her contribution to the farm.

In *Clement v. Clement,* 292 N.W.2d 799 (S.D.1980), we held that the value of the property inherited by the husband from his father approximately eight years prior to the parties' divorce was properly included as a marital asset and subject to an equitable division. *Clement* involved a marriage of thirty-two years, during which time the wife worked outside the home for twenty-three years, both full and part-time. During the last eleven years of the marriage she worked full-time, excepting a year and a half. The trial court determined that she was entitled to one-half of the net value of the inherited property.

Here, the facts involved do not indicate that plaintiff's contribution to the acquisition of the farm was significant enough to justify the trial court's award of a $21,200 lien on the farm. This appears to be an inconsistent approach to the division of assets. Cf. *Cooper v. Cooper,* 299 N.W.2d 798 (S.D.1980); *Andera v. Andera,* 277 N.W.2d 725 (S.D.1979). In *Andera,* this Court said: "The land was in the nature of a gift from the mother to the son, and there was no contribution of any significance by appellant [wife] in acquiring the land." *Id.* at 728. The same result should pertain to this case. This was a marriage of short duration. It was less than two years from the receipt of inheritance to the date of separation. Plaintiff's contribution to the farm had to be insignificant; she could not have held down a full-time job in a store in Sioux Falls and simultaneously been a full-time farm wife. The parties are both middle-aged, in good health, and have comparable incomes from employment in Sioux Falls. The $20,000 plaintiff put into this marriage was depleted by the ordinary living expenses of herself and her two children by a previous marriage. She is not entitled to a lien on his inheritance–penny for penny–of her total amount of earnings over the last two years. The defendant had indebtedness due, including taxes and a farm mortgage payment in the amount of $25,124. Plaintiff had separate indebtedness totalling approximately $360. No provision whatsoever was made by the trial court's judgment for the payment of these debts.

It is true that in the division of marital property the trial court has broad discretion in making such division and granting such award. SDCL 25–4–4; *Fink v. Fink,* 296 N.W.2d 916 (S.D.1980); *Hansen v. Hansen,* 273 N.W.2d 749 (S.D.1979). That discretion, however, is a judicial discretion, not an uncontrolled one, and its exercise must have a sound and substantial basis in the evidence. I believe that the trial court abused its discretion in granting plaintiff a $21,200 lien on the farm which defendant inherited from his mother's estate.