**Karon Kay PALMER, Plaintiff and Appellant,**

v.

**Donald Leroy PALMER, Defendant and Appellee.**

No. 13371.

Supreme Court of South Dakota.

Considered on Briefs Jan. 19, 1982.

Decided March 3, 1982.

James L. Waggoner and Hermon B. Walker of Walker, Lysaught & Waggoner, Ltd., Rapid City, for plaintiff and appellant.

John T. Hughes of Morman, Smit, Shepard, Hughes & Wolsky, Sturgis, for defendant and appellee.

FOSHEIM, Justice.

The marriage of the parties was dissolved by a judgment for divorce in favor of Donald Palmer, the defendant. The plaintiff, Karon Palmer, appeals. We affirm in part, reverse in part, and remand.

When the parties were married on November 10, 1973, neither owned a substantial amount of real or personal property. The plaintiff entered the marriage with approximately $900, and she was employed for a brief time during the marriage and contributed her earnings to the maintenance of the family. The evidence indicates that plaintiff did considerable work in caring for the family's livestock and doing farm chores and that she also was responsible for all housekeeping chores, the completion of which understandably suffered. The farm, about twelve acres of land near Sturgis, South Dakota, was purchased by the parties during their marriage from funds advanced by the defendant's parents. The plaintiff had custody of two minor children from a previous marriage, but this was the first marriage for the defendant. A daughter, Cindy Rae Palmer, was born to the Palmers on September 25, 1978.

At the request of the trial court, a social worker from the South Dakota Department of Social Services conducted a home study and submitted recommendations concerning custody of the child. That recommendation favored the mother.

The Palmers' marriage began to deteriorate after approximately one year. The evidence discloses a course of extreme verbal abuse by the plaintiff toward the defendant, a sample of which was received in evidence in the form of a tape recording. These hysterical tirades often resulted in the plaintiff being slapped or otherwise physically abused by the defendant. Plaintiff claimed that after one of these fights she required medical attention. The plaintiff also complained that the defendant at times stayed away from the family home, but the trial court found such absences were apparently precipitated by the plaintiff's emotional explosions and were used by the defendant to escape them. The facts also reveal that on one occasion the plaintiff threw their daughter, Cindy, at the defendant when the child was seven or eight months old saying, "she couldn't stand [the child] anyway, it had [defendant's] blood in it."

The basic issues presented are whether the trial court abused its discretion in the following areas: granting a divorce to the defendant on his counterclaim of extreme cruelty; dividing the property; failing to award the plaintiff alimony and attorney's fees; awarding custody of the minor child to the defendant.

▪ The trial court's finding that a cause of action for divorce exists in favor of the defendant and against the plaintiff on the ground of extreme cruelty is supported by the evidence, detailed above, of the degrading and persistent verbal abuse which the plaintiff directed at the defendant. These findings will not be upset unless they are clearly erroneous. SDCL 15–6–52(a). We cannot conclude the trial court clearly erred.

■ The trial court has broad discretion in dividing the property, awarding alimony, and allowing attorney's fees in a divorce action and the determination of the trial court will not be set aside or modified unless it clearly appears there was an abuse of discretion. In determining whether there has been an abuse of discretion, the property division and alimony award are considered together. *Wallahan v. Wallahan,* 284 N.W.2d 21 (S.D.1979). In *Wallahan,* at 24, we stated:

> In making an award of alimony and an equitable division of property the trial court must consider the duration of the marriage, the ages of the parties, their state of health and their competency to earn a living, the value and income-producing capacity of the property of each party, and the contribution of each party to the accumulation of the property.

Notwithstanding that plaintiff's temperament made it difficult, if not impossible, for the defendant to live with her the record shows that she brought funds into the marriage and did considerable work which contributed to their $60,000 accumulated net worth. The trial court's property division give the plaintiff, discounting the parental advance, approximately 19% of the total property of the parties. It appears from the evidence that the defendant is in excellent physical condition while the plaintiff is a diabetic requiring insulin injections and periodic medical attention. The plaintiff has also been institutionalized for a nervous problem and during the last few years her health has deteriorated because of her nervous condition. The plaintiff has a high school education but no vocational training; on the other hand, the defendant is a skilled mechanic. Applying the *Wallahan* factors, we find the property division deprived the plaintiff of her proper share of the marital assets.

■ We now turn to the alimony issue. While it is true that the plaintiff has some health problems, it appears they can be controlled. Her work habits and capabilities demonstrate a capability to support herself. Applying the factors set out in *Wallahan* we conclude that the trial court's denial of alimony was not an abuse of discretion.

■ *Wallahan,* at 28, also sets out the factors for determining what portion of the wife's attorney's fees should be paid by the husband. These factors are: "the property owned by each party, their relative incomes, whether the wife's property is in liquid or fixed assets, whether the actions of the wife or of the husband unreasonably increased the time spent on the case." In light of these factors, the trial court should have allowed appellant a reasonable amount for attorney's fees and costs.

■ Appellant urgently contends that the trial court erred in granting custody of the minor child to the defendant. It is elementary that the trial court's discretion extends to the determination of which parent in a divorce action shall be given custody of a child and that the trial court's decision will not be reversed unless a clear abuse of discretion is shown. *Hanks v. Hanks,* 296 N.W.2d 523 (S.D.1980). In awarding custody the trial court is guided by SDCL 30–27–19, which states:

> In awarding the custody of a minor or in appointing a general guardian, the court or judge is to be guided by the following considerations:
> (1) By what appears to be for the best interests of the child in respect to its temporal and its mental and moral welfare; and if the child be of a sufficient age to form an intelligent preference, the court or judge may consider that preference in determining the question;
> (2) As between parents adversely claiming the custody or guardianship, neither parent shall be given preference over the other in determining custody.

■ The court found in substance that plaintiff consistently displays a violent temper and is unable to handle stress. The findings further indicate that her utter contempt for the defendant may in some measure have been transferred to the child. The court was justified in finding that the plain-

tiff, by virtue of the emotional and psychological traits she exhibits when she interacts with others, is a negative model for a child. Although the trial court's findings and conclusions on custody were contrary to the recommendation of the social worker,[1] we cannot say that the trial court abused its discretion or clearly erred.

We have considered appellant's claim of error regarding her motion for a new trial and find it to be without merit. The judgment is affirmed on the issues of award of the divorce to appellee and on custody and alimony, reversed on the issues of property division and attorney's fees, and the case is remanded for further proceedings in accordance with this decision.

Appellant's motion for appellate attorney's fees is granted in the amount of $1,500.00.

All the Justices concur.

1. The social worker conceded under cross examination that he was biased towards granting custody to the mother where young children were involved.