Deborah M. LAIRD, Plaintiff
and Appellant,

v.

W. Ray LAIRD, III, Defendant
and Appellee.

No. 13588.

Supreme Court of South Dakota.

Argued May 17, 1982.

Decided July 7, 1982.

Rehearing Denied Aug. 11, 1982.

Carleton R. Hoy of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for plaintiff and appellant; Sarah Richardson of Davenport, Evans, Hurwitz & Smith, Sioux Falls, on brief.

Donald H. Breit, Sioux Falls, for defendant and appellee.

DUNN, Justice.

Deborah Laird (appellant) and W. Ray Laird, III (appellee) were granted a divorce on September 29, 1981. Appellant appeals from that portion of the decree regarding the division of property and the child support award.* We reverse and remand.

The parties were married on December 17, 1977. One child was born to this marriage on January 12, 1980. Both parties have children from previous marriages. Appellant has one child, while appellee has three children from a prior marriage.

When the parties were married, appellant was employed as an installation supervisor with Northwestern Bell Telephone. Her salary was approximately $15,000 a year, which later increased to $16,500 a year. Appellee was employed as Vice-President in charge of consumer lending at Northwest Bank in Sioux Falls, South Dakota, earning approximately $22,000 per year. Shortly after their marriage, appellee terminated his employment with the bank and began working as supervisor of Dakota By-Products, a rendering plant. By 1980, his salary had increased to $55,300.

Appellant had limited assets at the time of the marriage. Appellee, on the other hand, had substantial assets indicating a net worth of $215,200. His assets included $135,900 in stocks, primarily in three closely held corporations: Dakota By-Products, R & N, Inc., and L & L, Inc. When appellee turned thirty-five years of age, he received $80,000 from a trust established for him by his grandfather. Appellee applied $45,000 of the trust funds toward the cost of acquiring a lot and constructing a new home;

$35,000 of the funds was in stocks. A short time later, appellee's mother died and left him $126,000 of Dakota By-Products stock.

Appellant was granted a divorce on the ground of extreme mental cruelty. She was awarded $250 per month in child support. Appellee received the major portion of the property.

Appellant contends that the trial court abused its discretion when it distributed the property of the parties. In reviewing the division of property, we recognize that the trial court has broad discretion in making such division and we will not modify or set it aside unless it clearly appears that the trial court abused its discretion. *Palmer v. Palmer*, 316 N.W.2d 631 (S.D.1982); *O'Connor v. O'Connor*, 307 N.W.2d 132 (S.D.1981); *Michael v. Michael*, 287 N.W.2d 98 (S.D.1980). In making an equitable division of property, the trial court must consider the duration of the marriage, the value of the property of each of the parties, the ages of the parties, their health and competency to earn, and the contributions of each of the parties to the accumulation of the marital property. *Palmer v. Palmer, supra; O'Connor v. O'Connor, supra; Wallahan v. Wallahan*, 284 N.W.2d 21 (S.D.1979). "[T]he trial court is not bound by any mathematical formula but is to make the award on the basis of the material factors in the case, having due regard for equity and the circumstances of the parties." *O'Connor v. O'Connor*, 307 N.W.2d at 136.

The trial court awarded appellee real and personal property valued at $159,784. Appellant, on the other hand, only received the personal property in her possession at the time of the divorce, an award valued at $21,550. The exhibits relied upon by the trial court value the assets and liabilities of the parties as follows:

---

* During oral argument, it was disclosed that the appellant has returned to Sioux Falls, where she is employed by Citi Bank, and under these circumstances, counsel for the parties stipulated to the dismissal of a third issue regarding the joint custody of the minor child.

Appellee's Award:

| | |
|---:|---|
| $210,000 | residence & real estate |
| 221,000 | stocks |
| 21,500 | cash value in life insurance |
| 800 | cash |
| $453,200 | TOTAL ASSETS |
| 293,416 | less debts |
| $159,784 | NET WORTH |

(Appellee's total assets, as listed in the parties' exhibits, are in error by $100. We find this mistake to be inconsequential in amount and irrelevant in determining whether the property has been properly distributed to the parties.)

Appellant's Award:

| | |
|---:|---|
| $2,000 | engagement ring |
| 2,000 | jewelry |
| 1,500 | mink coat |
| 4,000 | cash |
| 4,000 | stock |
| 7,000 | 1980 Honda Accord |
| 600 | cash value in life insurance |
| 450 | flute |
| $21,550 | NET WORTH |

Ordinarily, this court will not attempt to place a valuation on the parties' assets, because that task is within the province of the trier of fact. *Hanks v. Hanks*, 296 N.W.2d 523 (S.D.1980); *Kittelson v. Kittelson*, 272 N.W.2d 86 (S.D.1978). The trial court must, however, place a value upon all of the property and make an equitable distribution of that property. *Kittelson v. Kittelson, supra; Guindon v. Guindon*, 256 N.W.2d 894 (S.D.1977).

■ The record indicates that appellee failed to comply with a motion to produce corporate records for Dakota By-Products, Inc. Without these corporate records, the only evidence of value of the closely held corporate stock considered by the trial court was appellee's personal opinion. We acknowledged in *Hanks v. Hanks, supra*, that the parties should be prepared to produce hard evidence as to the value of the property other than their own personal opinions, when they come into the trial court without a stipulation as to those values. In addition, appellee at trial denied present or past ownership of R & N, Inc. stock. He now admits on appeal, and his 1979 and 1980 income tax returns indicate, that he did own R & N, Inc. stock. This stock has now merged with L & L, Inc. Because the trial court failed to enter a finding of fact placing a value on each of the appellee's stock investments, we are unable to determine whether the valuation of the L & L, Inc. stock properly included the R & N, Inc. stock. Thus, we find that the trial court erred in failing to fully scrutinize the question of valuation of the Dakota By-Products, Inc. stock and the L & L, Inc. stock in its determination of appellee's net worth, and the case must be reversed and remanded on this issue.

We now address whether the trial court divided the listed property in an equitable manner. Here, the marriage lasted about three and one-half years. Both parties are in good health, but appellee does have a hearing problem. At the time of trial, appellant was twenty-eight years of age and appellee was thirty-eight years of age. Appellee was awarded all of the income-producing property.

■ Appellee entered the marriage with considerable assets valued at approximately $215,000. During the course of the marriage, appellee's adjusted gross earnings, as reported for tax purposes, was $113,955 in 1979 and $74,518 in 1980. He inherited $126,000 from his mother and also received $80,000 from a trust during the marriage. Approximately $161,000 of this $206,000 was in the form of corporate stock. It is within the trial court's discretion whether to consider gifts or inheritance as part of the property to be divided. *Balvin v. Balvin*, 301 N.W.2d 678 (S.D.1981); *Buseman v. Buseman*, 299 N.W.2d 807 (S.D.1980); *Andera v. Andera*, 277 N.W.2d 725 (S.D.1979).

■ Appellant entered the marriage with an estimated negative net worth of $2200. She worked full-time as an installation supervisor with Northwestern Bell Telephone

for the first year and one-half of their marriage and contributed her income of $16,500 per year to the family expense account. After appellant resigned from her job, she performed the duties of a housewife and also as a hostess of dinners and parties for appellee. She also bore a child and performed motherly duties. This court has recognized that the performance by a housewife and mother of typical domestic duties constitutes a valuable contribution to the accumulation of marital property. *O'Connor v. O'Connor, supra; Kittelson v. Kittelson, supra.*

Upon a full disclosure of assets and their value, we are aware that it is still within the trial court's discretion whether appellee's inheritance should be excluded in determining the division of property. *Balvin v. Balvin, supra; Buseman v. Buseman, supra; Andera v. Andera, supra.* However, this discretion can only be exercised after a full disclosure and consideration of all the assets. Even as to the property values currently listed, we conclude that the award of $21,550 (consisting mostly of personal items already in appellant's possession) to be inadequate and an abuse of discretion. Even though of only three and one-half years' duration, appellant's contributions to the marriage would indicate a more liberal property settlement.

Finally, appellant contends that the trial court abused its discretion in awarding her $250 per month in child support. "In granting child support, the trial court must consider the reasonable, rather than extravagant, expenditures such as are suitable to the children's circumstances and situation in life and the father's financial means and ability to pay." *Wallahan v. Wallahan,* 284 N.W.2d at 27.

The evidence in this case indicates that this child has been accustomed to a rather high standard of living. He should be entitled to maintain that standard and to expect a good education. Under the present decree, the child would be living in a quarter of a million dollar house for six months out of the year, and relegated to a small apartment for the remainder of the year.

Appellee's income from his employment and stock dividends should enable him to pay more than $250 per month child support without working a hardship on him.

Appellant has requested that appellee be required to pay reasonable attorney fees for this appeal. We find this to be a valid request and grant appellant $1500 for attorney fees on appeal.

We reverse that portion of the judgment dealing with the division of property and the child support award, and remand for further proceedings not inconsistent with this opinion.

WOLLMAN, C. J., and MORGAN and FOSHEIM, JJ., concur.

HENDERSON, J., concurs specially.

HENDERSON, Justice (specially concurring).

Although I agree with this decision for the principal reason that some of the marriage-accumulated assets were not on the table for division, I wish to point out that I do not believe the appellant should share in the $215,000 constituting assets that appellee brought into the marriage. This Court only considers the contributions made by each party *during the marriage* to the acquisition or accumulation of the marital estate. As I review our recent cases on division of property in divorce cases, it appears that we have not deviated from this rule. *See Vaughn v. Vaughn,* 252 N.W.2d 910 (S.D.1977); *Hanson v. Hanson,* 252 N.W.2d 907 (S.D.1977).