Janice K. PRENTICE, Plaintiff and Appellant,

v.

Delton L. PRENTICE, Defendant and Appellee.

No. 13599.

Supreme Court of South Dakota.

Considered on Briefs May 18, 1982.

Decided Aug. 11, 1982.

Thomas P. Tonner of Maynes, Tonner, Maynes & Tobin, Aberdeen, for plaintiff and appellant.

Charles A. Wolsky of Morman, Smit, Shepard, Hughes & Wolsky, Sturgis, for defendant and appellee.

WUEST, Circuit Judge.

This is an appeal from a divorce action. The trial court granted a divorce to both parties, and there is no appeal from that part of the judgment. The wife (appellant) does appeal the trial court's decision on child custody, division of the property, and denial of attorney fees. We affirm in part, reverse and remand in part.

The parties were married on June 6, 1973, and three children were born to this marriage. Appellant testified that she was thirty-two years of age, was a licensed practical nurse, and was employed as an LPN prior to the marriage. The husband (appellee) testified he was thirty-five years of age and had a degree from Northern State College. Following their marriage, the couple lived for a short time in Alaska, but soon returned to a farm near Wessington, South Dakota. They resided there until January of 1981 when appellant filed for a divorce and moved with her three children to Aberdeen, South Dakota. There she obtained employment as office manager for the Family Health Center at St. Luke's Hospital, earning approximately $1,000 per month. She and the children live in a rented house. The children are cared for in a day care center when she is working.

Appellant first contends the trial court erred in awarding custody of the children to appellee. The trial court found each parent to be a fit and proper person to have custody of the children and visitation rights. Although both parents demonstrated a very strong love and concern for the children's welfare, the trial court awarded custody of the children to their father.

█ Prior to July 1, 1977, the law provided that, all things being equal, the mother was entitled to custody of a child of tender years. However, the law was amended so neither parent would be given preference over the other in determining custody. SDCL 30–27–19(2). The legislature desired neither parent to be given custodial preference due to their sex. *Martin v. Martin*, 306 N.W.2d 648 (S.D.1981). Now the court

is to be guided by what appears to be in the best interests of the child with respect to its temporal, mental, and moral welfare. If the child be of a sufficient age to form an intelligent preference, the court or judge may consider that preference in determining the question. SDCL 30–27–19(1).

In reviewing a trial court's decision on custody, we cannot substitute our judgment for its decision unless there has been a clear abuse of discretion. *Palmer v. Palmer*, 316 N.W.2d 631 (S.D.1982); *Hanks v. Hanks*, 296 N.W.2d 523 (S.D.1980). We note the rationale provided by the trial court in awarding custody to the father in this case: (1) they (the children) enjoyed their life on the farm and were learning to take responsibility in caring for the animals they had as pets; (2) they had a close relationship with their paternal grandparents who lived nearby and who expressed a willingness to help raise them; (3) there would be no father figure for any of the children if the children were allowed to remain in Aberdeen; and (4) the appellant worked forty hours per week which left her little time with the children and too much time for them with babysitters. After reviewing the trial court's rationale and the entire record, we cannot hold the trial court clearly abused its discretion in awarding custody to the father, although we may have ruled differently as trial judges.

Second, appellant claims the trial court abused its discretion in making an equitable division of the property, particularly as it related to the farm. The evidence disclosed the farm, a quarter section, was purchased from appellee's grandmother by appellee's father in 1968 for $10,000, payable at the rate of $1,000 per year, plus interest. He had the land deeded to his son, the appellee, and to his daughter, Glenda, who now resides in Alaska. Appellee's father testified he did not intend to make a gift of this land until his death, but, when appellee returned to South Dakota to farm, possession was given to appellee. When appellee took possession of the land his father had previously paid $6,000, plus interest, on this property. Since that time, appellee has paid the balance of $4,000, plus interest, and taxes; he has farmed the land and taken all of the proceeds therefrom. Appellee's sister, having made no contributions of principal, interest, or taxes, has received no part of the proceeds from the land.

The trial court observed in its memorandum opinion, which was incorporated by reference as a part of the findings of fact and conclusions of law, that:

> It appears that this land was either a gift from his father before the marriage and property which he brought into the marriage subject to the rights that his sister, Glenda, may have, or it is still property of the defendant's father, Lowell Prentice, subject to the rights of the two children. In either case, it is not property which was acquired during the marriage.

Thus, the trial court did not consider this property when it made a division of the property.

This court will not set aside a division of property unless there is a clear abuse of discretion. *Clement v. Clement*, 292 N.W.2d 799 (S.D.1980); *Hanson v. Hanson*, 252 N.W.2d 907 (S.D.1977); *Stenberg v. Stenberg*, 240 N.W.2d 100 (S.D.1976). We said in *Clement*:

> Although the trial judge should consider the fact that the defendant inherited certain property, he is not bound to set it aside for the defendant and may consider it as part of the property to be divided. The statute is specific that title does not control the distribution of the property in a divorce action.

*Id.*, at 801. While we can appreciate the trial court's difficulty in making an equitable division of this property between appellant and appellee, it is clear that appellant and her husband, in addition to paying the balance due on the farm, improved the real property by drilling a well costing approximately $5,300, constructing a pole barn costing approximately $3,000, and improving the residence by approximately $5,000. In addition, appellee testified the market value of the land was $350 per acre at the time of trial. Moreover, appellant helped

on the farm after they took possession, worked as a secretary, and conducted a plant business. Thus, appellant contributed to the partial payment and the improvements upon this farm by her work and industry. Given these facts, we believe the trial court abused its discretion in failing to consider this farm property in making an equitable division.

■ Lastly, appellant contends the trial court's refusal to award her attorney fees is error. After determining what constitutes a reasonable fee in a divorce case, the trial court must then decide what portion of the attorney fees should be allowed as costs and thereby paid by the opposing party. SDCL 15–17–7. *Rykhus v. Rykhus*, 319 N.W.2d 167 (S.D.1982); *Lien v. Lien*, 278 N.W.2d 436 (S.D.1979). The trial court should consider the property owned by each party, their relative incomes, whether the wife's property is in liquid or fixed assets, and whether the actions of the husband or wife increased reasonably the time spent on the case.

■ Although finding that appellant's attorney fees were reasonable, the trial court noted appellant was earning approximately $1,000 per month and appellee will be supporting the children and paying debts on the farm property. Recent income tax returns disclosed a modest income from the farming operation. An award of attorney fees and costs rests in the sound discretion of the trial court. *Rykhus v. Rykhus, supra; Balvin v. Balvin*, 301 N.W.2d 678 (S.D. 1981); *Hansen v. Hansen*, 273 N.W.2d 749 (S.D.1979). Given these circumstances, we find the trial court did not abuse its discretion in denying appellant attorney fees in this case.

The judgment is affirmed on the issues of child custody and attorney fees. We reverse and remand on the issue of property division, with directions to consider the contributions made by each party in acquiring and improving the farm property.

DUNN, MORGAN and FOSHEIM, JJ., concur.

HENDERSON, J., concurs specially.

WUEST, Circuit Judge, sitting for WOLLMAN, C. J., disqualified.

HENDERSON, Justice (specially concurring).

During the marriage, the husband and wife assumed the remaining balance due under a Contract for Deed. When the contract was paid in full, the farm quarter was placed in the sole name of the husband over the wife's objection. At the time the farm quarter was transferred, the husband and wife were experiencing difficulties in their marriage. It is obvious from the record that neither the husband, nor his family, wanted the wife to have any recorded interest in the family farm which the husband's relatives had purchased on contract.

However, during the marriage, and as an integral part of paying off the farm, the wife mowed, raked, helped castrate pigs, sorted and loaded pigs, vaccinated cattle, aided in lambing, kept chickens, sold eggs, sold cream, operated a grain truck, drove to town for repairs, and prepared meals and kept a clean room for hired help. While husband and wife worked side by side to pay off the quarter, it inflated in value. She is, therefore, entitled to the fruits of her contributing efforts and a share in the capital improvements and inflationary value.

I have the greatest respect for the learned trial court judge who presided herein, truly a distinguished jurist. Joining my brothers in this opinion and a reversal on the property division issue, I am constrained to express that the learned trial court's factual finding that this property was not acquired during the marriage, was clearly erroneous thus leading to an abuse of discretion on this particular issue. Conceded, from a standpoint of acquirement, this quarter of land has a peculiar familial history. Be that as it may, the wife, as a good soldier, worked for the deed and she should not be denied a fair property division for her contributions during the marriage. This Court only considers the contributions made by each party *during the marriage* to

the acquisition or accumulation of the marital estate. *See Vaughn v. Vaughn*, 252 N.W.2d 910 (S.D.1977); *Hanson v. Hanson*, 252 N.W.2d 907 (S.D.1977). *See Laird v. Laird*, 322 N.W.2d 254 (S.D.1982) (Henderson, J., concurring specially).

In awarding the custody of the children to the father, the trial court set forth ten explicit reasons in a Memorandum Opinion which was incorporated into findings of fact, as to why it was in the best interests of the children's temporal, mental and moral welfare to so award the father custody. Essentially, the trial court found that the father would provide the best guidance, discipline and training for the children and in a wholesome environment. Although anguishing over the decision, and describing it as painful, the trial court ultimately concluded the father should be awarded custody. As I review this case, it is impossible to say that either the mother or father were unsuitable for custody. Both appeared to be good people. Due regard must be given to the opportunity of the trial court to judge the credibility of the witnesses and to weigh their testimony, and the trial court's findings will not be set aside unless they are clearly erroneous. SDCL 15–6–52(a); *Spaulding v. Spaulding*, 278 N.W.2d 639 (S.D.1979). The facts herein, as regards custody, pose a classic case for this Court to abide by the rule of deference. And so it is likewise with attorney's fees for, under our reversed holding on the real property division, neither party is in an economically superior position.