Richard FAIT, Plaintiff and Appellant,

v.

Dianne L. FAIT, Defendant
and Appellee.

No. 14231.

Supreme Court of South Dakota.

Argued Jan. 17, 1984.

Decided March 21, 1984.

Rehearing Denied May 1, 1984.

Steven L. Jorgensen, Sioux Falls, for plaintiff and appellant.

William G. Taylor of Woods, Fuller, Shultz & Smith, P.C., Sioux Falls, for defendant and appellee.

MILLER, Circuit Judge.

This is an appeal from the trial court's division of property and its award of child support and alimony in a divorce case. The trial of the action was bifurcated, with the issues regarding the grounds for divorce being litigated in January 1980, and the issues concerning property division, child support, and alimony being tried in December 1982.

The parties, both of whom are in their mid-forties and in good health, were married on February 14, 1958. Five children were born to this union, with two teenagers remaining unemancipated. Plaintiff-husband (appellant) is a certified public accountant. Appellee has fulfilled the traditional mother-housewife role in the family.

The trial court entered extensive findings of fact and conclusions of law reciting, among other things, appellant's income from his accounting practice, a detailed summary of assets, and his net worth. The judgment included an award to appellee of the family home (free of encumbrances), a cash sum of $100,000.00 (payable in $10,000.00 annual installments, without interest so long as payments were timely made), monthly alimony payments of $1,400.00, and child support payments for the two children in the amount of $300.00 per month per child.

Appellant argues that the property division and alimony and support payments are excessive and not supported by the evidence.

We have consistently held that trial courts have broad discretion in making division of property and that the same will not be set aside unless a clear abuse of discretion appears. *O'Connor v. O'Connor*, 307

N.W.2d 132 (S.D.1981); *Palmer v. Palmer*, 316 N.W.2d 631 (S.D.1982).

■ The principal factors trial courts should consider in actions such as these are: (1) the duration of the marriage, (2) the value of the property, (3) the ages of the parties, (4) the parties' state of health, (5) their competency to earn a living, (6) the contribution of each party to the accumulation of the property, and (7) the income-producing capacity of the parties' assets. *Clement v. Clement*, 292 N.W.2d 799 (S.D. 1980); *Hansen v. Hansen*, 273 N.W.2d 749 (S.D.1979).

■ Appellant would have us consider the relative fault of the parties. Although fault is a factor in awards of alimony and support cases, *Hanks v. Hanks*, 296 N.W.2d 523 (S.D.1980) and *Guindon v. Guindon*, 256 N.W.2d 894 (S.D.1977), it is not applicable here. At the conclusion of the trial on the grounds for the divorce the trial court made the following statements which appear to us to be appropriate:

> Quite frankly, there is no question but that the marriage has disintegrated. Fault, if any, is the result of the changes in life style by at least one or possibly both of the parties....
>
> The court would grant a divorce to both parties if both parties had asked for it,
> ....

The trial court made detailed, specific findings with respect to each of the foregoing factors. We can see no instance complained of by appellant in which there was a clear abuse of discretion.

■ Appellant complains that the trial court erred in the valuation it assigned to the "good will" of his accounting practice. His argument that good will is so intangible and incapable of being divided has not been preserved for this appeal. We do not see where it was argued below. Additionally, appellant in his Exhibit 1 (upon which he so strongly relies) and in his proposed findings of fact has placed his own valuation on the good will. He now argues that the amount set by the court is excessive. We see no clear abuse of discretion in the present value assigned.

Appellee is awarded $1,000.00 attorney fees for this appeal.

The judgment is affirmed.

WOLLMAN, DUNN, MORGAN and HENDERSON, JJ., concur.

MILLER, Circuit Judge, sitting for FOSHEIM, C.J., disqualified.